UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRENT CAMERON, | Case No. 14-11622 |
| Plaintiff, | Victoria A. Roberts |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL**

**I.   PROCEDURAL HISTORY**

   A.   Proceedings in this Court

On April 23, 2014, plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Victoria A. Roberts referred this matter to Magistrate Judge Michael Hluchaniuk for the purpose of reviewing the Commissioner's decision denying plaintiff's claims. (Dkt. 2). This matter was reassigned to the undersigned Magistrate Judge on January 5, 2016, pursuant to Administrative Order. (*See* Text Only Order dated January 5, 2016).

Plaintiff was initially represented by counsel in this matter. However, the

matter was subsequently stayed by a three-judge panel of this Court which determined that plaintiff's counsel was no longer permitted to represent plaintiff. (Dkt. 14). As a result, plaintiff's former counsel has withdrawn. (Dkt. 15, 16). After the withdrawal by counsel, the undersigned issued an order striking the previously filed motions for summary judgment (Dkt. 9, 10) and set a new briefing schedule for the parties. (Dkt. 20). Plaintiff's motion for summary judgment was due by March 1, 2016. The scheduling order specifically provided that "**PLAINTIFF'S FAILURE TO TIMELY FILE A MOTION FOR SUMMARY JUDGMENT WILL RESULT IN A RECOMMENDATION OF DISMISSAL**." (*Id*.) (emphasis in original). The deadline for plaintiff to file a brief has passed and he has not filed a brief, and no attorney has appeared on his behalf. On March 2, 2016 the Commissioner filed a renewed motion for summary judgment in accordance with the scheduling order. (Dkt. 21).

    B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claim for a period of disability and disability insurance benefits on August 3, 2011, alleging disability beginning January 31, 2011. (Dkt. 5-2, Pg ID 57). The Commissioner initially denied plaintiff's application on November 29, 2011. *Id*. Plaintiff requested an administrative hearing, and on September 25, 2012, he appeared with counsel before Administrative Law Judge ("ALJ") Christopher Ambrose, who considered his case

*de novo*. (Dkt. 5-2, Pg ID 71-104). In a December 12, 2012 decision, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act. (Dkt. 5-2, Pg ID 54-66). The ALJ's decision became the final decision of the Commissioner on February 26, 2014, when the Social Security Administration's Appeals Council denied plaintiff's request for review. (Dkt. 5-2, Pg ID 19-25); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 541-543-44 (6th Cir. 2004).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned concludes that substantial evidence supports the decision of the Administrative Law Judge. The Court therefore **RECOMMENDS** that the findings of the Commissioner of Social Security be **AFFIRMED**, or in the alternative that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 41(b).

## II.    FACTUAL BACKGROUND

Plaintiff previously worked as an iron worker, which is skilled and heavy in exertion. (Dkt. 5-2, Pg ID 64). Plaintiff was born in 1966 and was 44 years old on the alleged disability onset date of January 31, 2011. *Id*. at 59, 64. The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff had not engaged in any substantial gainful activity since January 31, 2011 (the alleged onset date). *Id*. at 59. At step two, the ALJ found that plaintiff

had the following severe impairments: status post quadruple bypass and multiple stenting procedures, coronary artery disease, angina, high blood pressure, hypothyroidism, and nicotine dependence. *Id*. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listings in the regulations. *Id*.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20 CFR 404.1567(a) except occasional pushing/pulling with the bilateral upper extremities; occasional bilateral foot controls; and occasional bilateral overhead reaching. The claimant must avoid all exposure to environmental irritants and poorly ventilated areas.

(Dkt. 5-2, Pg ID 60). At step four, the ALJ determined that plaintiff was not capable of performing his past relevant work. *Id*. at 64. Considering plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in the national economy that he could perform. *Id*. at 65. As such, the ALJ concluded that plaintiff had not been under a disability from January 31, 2011, through the date of his decision. *Id*.

### III.  DISCUSSION

#### A.  Standard of Review

This Court has original jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800

5

F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

      B.    <u>Merits of Plaintiff's Claims</u>

The undersigned recommends that the court affirm the ALJ's findings of fact and conclusions of law.  The undersigned has reviewed the record evidence, the Commissioner's motion for summary judgment, and the ALJ's decision.[1]  The undersigned focused the analysis on the points at which the ALJ made conclusions adverse to an ultimate finding of disability, and agrees that substantial evidence supports the ALJ's conclusions as they relate to the weighing of the medical opinions in the record, the step five determination, and plaintiff's credibility.

---

[1] A review of the merits of plaintiff's case in the absence of a motion for summary judgment from plaintiff is supported by *Wright v. Comm'r of Soc. Sec.*, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010), in which the court held that dismissal for failure to file a motion for summary judgment is unwarranted because the plaintiff has "no burden to do anything in order to obtain judicial review of the administrative decision except file a timely complaint." Other judges in this district have concluded, however, that dismissal of Social Security complaints pursuant to Fed.R.Civ.P. 41(b) is appropriate. *See Salmo v. Comm'r of Soc. Sec.*, 2012 WL 6929176, at *2 (E.D. Mich. Nov. 27, 2012) (collecting cases dismissing Social Security complaints under Rule 41(b)); *see also Brinkley v. Comm'r of Soc. Sec.*, 2015 WL 1637598 (E.D. Mich. Apr. 13, 2015) (Michelson, J.).

The first step at which the ALJ's findings diverge from the path leading to a finding of disability in plaintiff's case is at step three, where the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listings in the regulations as no acceptable medical source has mentioned findings equivalent in severity to any listed impairment in Part 404. (Dkt. 5-2, Pg ID 60).  Under the theory of presumptive disability, a claimant is eligible for benefits if he has an impairment that meets or medically equals a Listed Impairment.  *See Christephore v. Comm'r of Soc. Sec.*, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012).  When considering presumptive disability at Step Three, "an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Id*. (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 416 (6th Cir. 2011)).  An ALJ's failure to sufficiently articulate his Step Three findings is error.  *See M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp.2d 846, 858-59 (E.D. Mich. 2012).  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specific medical criteria." *Sullivan v. Zebely*, 493 U.S. 521, 530 (1990) (emphasis in original).

Here, the ALJ concluded that there was no evidence that plaintiff's cardiac condition meets or medically equals the criteria of a listed impairment because no acceptable medical sources concluded as much.  This conclusion is supported by

the opinion of Dr. Quan Nguyen, who considered whether plaintiff met Listing 4.04 for Ischemic Heart Disease. (Dkt. 5-3, Pg ID 112). Dr. Nguyen concluded that plaintiff's cardiac status was stable and he was asymptomatic. Moreover, Dr. Nguyen concluded that plaintiff could perform a light range of work,[2] which is, of course, inconsistent with meeting or equaling a listing level impairment. (Dkt. 5-3, Pg ID 112). Thus, because plaintiff has been diagnosed as asymptomatic and his condition stable, the ALJ's step 3 analysis is supported by substantial evidence.

Next, the undersigned finds that the ALJ's RFC findings are also supported by substantial evidence. The ALJ determined that plaintiff had the RFC to perform a limited range of sedentary work. The ALJ weighed the opinion evidence, which included an opinion from treating family physician Dr. Bonkowski, who reported that plaintiff was not recommended for any employment. The ALJ concluded this opinion was conclusory in nature, not well explained and not supported by Dr. Bonkowski's treating records or other medical evidence of record. (Dkt. 5-2, Pg ID 64; Dkt. 5-13, Pg ID 586). For example, plaintiff indicated to Dr. Bonkowski in February 2011 that he was not then on any medications and was "feeling good." (Dkt. 5-2, Pg ID 62). In March 2012,

---

[2] While the ALJ ultimately concluded that plaintiff was limited to sedentary work and thus did not adopt Dr. Nguyen's ultimate conclusions, this does not negate Dr. Nguyen's conclusion that plaintiff did not satisfy the requirements of the listing.

8

plaintiff reported to Dr. Bonkowski that he felt well but had never quit smoking as recommended. In June 2012, plaintiff reported to Dr. Bonkowski that he had no chest pain and did not want to quit smoking. *Id*. Thus, the ALJ's assessment of Dr. Bonkowski's opinions is supported by substantial evidence.

On the other hand, the ALJ found the opinion of plaintiff's treating cardiologist, Dr. Predeteanu, to be entitled to significant weight because it was supported by the evidence of record and was consistent with the conclusion that plaintiff could perform sedentary work. (Dkt. 5-2, Pg ID 64; Dkt. 5-13, Pg ID 587). Dr. Bonkowski's opinions were inconsistent with Dr. Predeteanu's opinions. When there are competing opinions by two treating physicians, both entitled to deference, an ALJ is constrained to choose one over the other. *Isaac v. Sec'y of Health & Human Servs.*, 110 F.3d 64 (Table), at *5 (6th Cir. 1997). As long as this choice is supported by substantial evidence, it must be affirmed. *Id*; *see also*, *Flynn v. Comm'r of Soc. Sec.*, 2012 WL 2190905, at *15 (N.D. Ohio June 14, 2012). Moreover, deciding what weight to give to competing evidence, such as contradicting opinions by multiple treating physicians, is an administrative finding for which the final authority resides with the Commissioner. *Parrish v. Astrue*, 2012 WL 1078881, at *7 (M.D. Tenn. Mar. 30, 2012), citing 20 C.F.R. § 416.927(e) and *Walker v. Sec'y Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). Applying these principles and for the reasons indicated above, the

ALJ's selection of Dr. Predeteanu's opinions over that of Dr. Bonkowski is supported by substantial evidence.

In addition, the ALJ considered the assessment of Dr. Quan Nguyen, a Michigan Disability Determination Services physician, who concluded that plaintiff could perform basic work activities, consistent with light work. (Dkt. 5-2, Pg ID 64; Dkt. 5-3, Pg ID 109-113). While the ALJ did not adopt Dr. Nguyen's determination that plaintiff could perform light work, this opinion is still an expert medical opinion supporting the ALJ's conclusion that plaintiff was not disabled. In the view of the undersigned, the ALJ also properly gave more weight to the opinions of Dr. Predeteanu given that the regulations permit the ALJ to give more weight to a specialist about medical issues related to his or her speciality than the opinions of a doctor who is not a specialist. *Philpot v. Comm'r of Soc. Sec.*, 2010 WL 1254188, at *4 (S.D. Ohio Mar. 24, 2010), citing 20 C.F.R. § 404.1527(d)(5). Thus, the undersigned finds no errors regarding the weighing of the opinion evidence and finds that substantial evidence supports the RFC.

With respect to the Step Five findings, the ALJ concluded that considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Dkt. 5-2, Pg ID 65). At the hearing, the vocational expert testified that a person with plaintiff's RFC could perform a limited range sedentary, unskilled work. (Dkt. 5-

2, Pg ID 101-102). To determine the extent to which plaintiff's limitations erode the sedentary occupational base, the ALJ asked the vocational expert whether jobs exist in the national economy for an individual with plaintiff's age, education, work experience, and RFC. The vocational expert testified that given all of these factors, the individual would be able to perform the requirements of representative occupations such as charge account clerk (3326 jobs); document preparer (1776 jobs); and addresser (209 jobs). (Dkt. 5-2, Pg ID 65).

To meet her burden at step five, the Commissioner must make a finding "'supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs.'" *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978)). This type of "[s]ubstantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Varley*, 820 F.2d at 779 (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)). The hypothetical posed to the vocational expert here accurately portrayed plaintiff's impairments. Given the testimony of the vocational expert in this case, the ALJ's Step Five conclusion is, therefore, supported by substantial evidence.

Finally, to the extent there is a question of whether the ALJ correctly

assessed plaintiff's credibility, the undersigned notes that "[i]t is for the [Commissioner] and his examiner, as the fact finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972)). As the Sixth Circuit has held, determinations of credibility related to subjective complaints of pain rest with the ALJ because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (citation omitted). Thus, an ALJ's credibility determination will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Here, the undersigned agrees with the Commissioner that the ALJ's conclusions regarding plaintiff's credibility are supported by substantial evidence. While the ALJ acknowledged that plaintiff suffered from medically determinable impairments, the ALJ determined that the objective medical evidence did not support the severity of plaintiff's claims, including the opinion of his own treating cardiologist. (Dkt. 5-2, Pg ID 63) (20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (in evaluating statements about pain or other symptoms, the ALJ will consider any inconsistencies in the evidence); Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *5 (July 2, 2006) (stating that one strong indication of the credibility of

12

an individual's statements is their consistency, both internally and with other information in the case record). Specifically, the ALJ concluded that plaintiff's daily activities – which included light housekeeping chores, laundry, gardening, driving, handling his finances, watching television, visiting with family and friends several times per week, and camping – were not as limited as one would expect, given the complaints of symptoms and limitations. (Dkt. 5-2, Pg ID 63). And, the ALJ observed that plaintiff's lifestyle was not consistent with a person who is disabled or believes his condition is life-threatening. Plaintiff was aware of the complicity of smoking in relation to his health and has continued to smoke despite the recommendations of his cardiologist. (Dkt. 5-2, Pg ID 63). The undersigned concludes that there is no compelling reason to disturb the ALJ's credibility analysis here.

    C.    <u>Rule 41(b) Dismissal</u>

Alternatively, the undersigned recommends that plaintiff's complaint be dismissed for failure to prosecute. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad

discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court

14

to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*).  Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

      The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).  In this case, the

15

court warned plaintiff that his case would be dismissed if he failed to file his motion for summary judgment. (Dkt. 20). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's failure to substantively participate in this case since the withdrawal of his attorney, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, the undersigned concludes that none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Moreover, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). While the undersigned is sympathetic to plaintiff's situation, he failed to file an initial brief, as ordered. Under the circumstances, in the view of the undersigned, dismissal without prejudice is appropriate alternative disposition.

16

## IV. RECOMMENDATION

For the reasons set forth above, the Court concludes that substantial evidence supports the decision of the Administrative Law Judge. The Court therefore **RECOMMENDS** that the findings of the Commissioner of Social Security be **AFFIRMED** or, in the alternative, that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 41(b).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 14, 2016                     s/Stephanie Dawkins Davis
                                         Stephanie Dawkins Davis
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 14, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I have mailed by U.S. Postal Service to the following non-ECF participant: Brent Cameron, 503 Mercer, Durand, MI 48429.

                                         s/Tammy Hallwood
                                         Case Manager
                                         (810) 341-7887
                                         tammy_hallwood@mied.uscourts.gov